(24 Misc. Rep. 213.)

### TOOLE v. ONEIDA COUNTY.

(Supreme Court, Special Term, Oneida County. July, 1898.)

1. TAXATION—VOLUNTARY PAYMENT—RECOVERY.
    Taxes voluntarily paid on land bought with pension money cannot be recovered.
2. SAME—PROPERTY PURCHASED WITH PENSION MONEY.
    Where land is not entirely purchased with pension money, the margin of value above the pension money invested is subject to taxation.

Action by Philip Toole against Oneida county. Judgment for defendant.

George C. Carter, for plaintiff.
J. K. O'Connor, for defendant.

HISCOCK, J. This action is brought by plaintiff to have declared void the assessment made upon 24 acres of land owned by him during each of the years 1891 to 1895, inclusive, at a valuation of $550, and upon a house and lot owned by him during the years 1893 and 1894, at a valuation of $600, and to recover back the taxes paid upon said assessments, aggregating in the neighborhood of $25. Upon the trial plaintiff's counsel withdrew that part of his prayer for relief which asked to have the assessments declared null and void, leaving the action to stand simply for the recovery of said taxes. The ground upon which plaintiff asks this relief is that the premises in question were purchased with pension moneys. No other fault, irregularity, or lack of jurisdiction is alleged against the assessments in question than the one just mentioned. So far as appears, plaintiff never appeared before the board of assessors, or in any manner took occasion to protest against or have corrected the assessments in question, and there is no evidence whatever to show that his payment of taxes was anything but voluntary. It seems to be clearly established that plaintiff did invest in each of the pieces of land some pension money, but the evidence not only does not indicate that there was not any margin of value in the land over and above the pension moneys so invested, but, on the other hand, it is quite clear that there was such margin. Under these circumstances, and in accordance with the decisions cited in Ernenwein v. Oneida Co., 53 N. Y. Supp. 529, it seems that plaintiff must fail. Judgment is therefore ordered for the defendant, with costs.

Judgment for defendant, with costs.